Filed 11/28/17; publication order 12/19/17 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CREED-21, | |
| Plaintiff and Appellant, | E066367 |
| v. | (Super.Ct.No. RIC1504199) |
| CITY OF WILDOMAR, | OPINION |
| Defendant and Respondent; | |
| WAL-MART REAL ESTATE BUSINESS TRUST, | |
| Real Party in Interest and Respondent. | |

APPEAL from the Superior Court of Riverside County. Sharon J. Waters, Judge. Affirmed.

Briggs Law Corporation, Cory J. Briggs and Anthony N. Kim for Plaintiff and Appellant.

Manatt, Phelps & Phillips, Keli N. Osaki; Burke, Williams & Sorensen, Thomas D. Jex and Amy E. Hoyt for Defendant and Respondent.

Manatt, Phelps & Phillips, Keli N. Osaki; Burke, Williams & Sorensen, Thomas D. Jex and Amy E. Hoyt for Real Party in Interest and Respondent.

Plaintiff and Appellant Creed-21 appeals from the dismissal of its petition for writ of mandate and complaint for declaratory and injunctive relief under the California Environmental Quality Act (Petition). The trial court imposed an issue sanction on standing, which terminated the action, for the misuse of the discovery process in response to a motion for sanctions pursuant to Code of Civil Procedure section 2023.030[1] filed by real party in interest and respondent Wal-Mart Real Estate Business Trust (Wal-Mart). We conclude the trial court did not abuse its discretion in imposing the terminating sanction.

## FACTUAL AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY

#### 1. *COMPLAINT*

On April 8, 2015, Creed-21, represented by the Briggs Law Corporation, specifically attorney Anthony Kim, filed its Petition. Creed-21 alleged it was a non-profit, social-advocacy organization formed and operating under the laws of California and that at least one member resided in or near defendant and respondent City of Wildomar (City).

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

The project being challenged was a 185,682 square foot Walmart retail complex (the Project) located in the City. On March 11, 2015, the City's council approved the Project. Creed-21 alleged that the Project violated CEQA and other laws. Creed-21 alleged against the Wal-Mart and the City (collectively, the Wildomar Defendants) that they failed to prepare an adequate environmental impact report and they violated the planning and zoning law within the meaning of Government Code section 65860. Creed-21 sought to stop the Wildomar Defendants from taking any action on the Project until they complied with CEQA and the planning and zoning laws.

City filed an answer to the Petition. City alleged that Creed-21 did not have standing to bring the action. The trial court set a briefing schedule with Creed-21's opening brief due December 24, 2015; the Wildomar Defendants' joint opposition brief due January 25, 2016; and Creed 21's reply brief being due on February 15, 2016.

2. *WAL-MART'S FIRST MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION*

On or about November 20, 2015, Wal-Mart filed a motion to compel pursuant to section 2025.450, subdivision (a) seeking an order to have Creed-21's person most qualified (PMQ) appear for a deposition. It also sought monetary sanctions. It sought a hearing on January 5, 2016, and the deposition to take place no later than January 12, 2016. Wal-Mart alleged that Creed-21's PMQ had refused to appear for a deposition despite proper notice and without substantial justification. It could not adequately defend against Creed-21's conclusory allegation that it had standing to pursue the lawsuit without such deposition.

3

Wal-Mart was informed and believed that Creed-21 was a shell corporation, which consisted of two members including Richard Lawrence, who lived in San Diego. The address utilized by Creed-21 as its place of business was the Briggs Law Corporation. Creed-21 had no assets, and in prior lawsuits in which money was awarded to Creed-21, the money was given to the Briggs Law Corporation. Depending upon the testimony of the PMQ, Wal-Mart would challenge Creed-21's standing in its opposition to the Petition. Wal-Mart insisted that discovery was proper in the administrative mandamus proceeding to challenge standing. In addition, it sought all of the documents related to the corporation.

Wal-Mart had served Creed-21 with its initial deposition notice on August 25, 2015. It also requested documents pertaining to the corporation. The deposition was set for September 15, 2015, in Costa Mesa. Creed-21 objected to the deposition date, that discovery was not appropriate in a mandamus proceeding, and that the deposition location was 75 miles from the PMQ's residence. Wal-Mart sent a meet and confer letter to the Briggs Law Corporation, specifically Cory Briggs and Kim. Wal-Mart requested the PMQ's address so that a location for the deposition could be found closer to the PMQ's home. Wal-Mart received no response. Wal-Mart sent several emails to Kim but received no response. Wal-Mart scheduled another deposition for October 14, 2015. Creed-21 again objected on the same grounds as the first objection and advised Wal-Mart that the PMQ would not appear at the deposition. Creed-21 refused to submit the PMQ for the deposition.

4

Briggs responded to Wal-Mart's counsel on October 8, 2015, indicating that he had been in trial. Briggs stated that Wal-Mart was not allowed to conduct discovery and that Creed-21 had standing as a public-interest organization enforcing public duties; its membership was irrelevant; and the good standing of the corporation could be verified with the California Secretary of State. Briggs recommended letting the trial court decide the issue. He recommended that either Wal-Mart file a motion to compel, or he would file a motion for a protective order. Wal-Mart responded it would file the motion to compel.

To the motion to compel, Wal-Mart attached a reporter's transcript for case No. BC131065 in Los Angeles Superior Court, *Creed-21 v. City of Glendora*, of a hearing conducted on July 6, 2015. Creed-21 was represented by Briggs Law Corporation. Lawrence testified that he was the President of Creed-21. There was only one other officer in Creed-21. Briggs Law Corporation prepared all the tax returns for Creed-21. The address for Creed-21 was Briggs Law Corporation in Upland. Lawrence had no idea how many members of Creed-21 existed. Lawrence indicated Creed-21 had no money and no employees. Briggs Law Corporation fronted the money for any lawsuits it filed. It also paid any fees owed by Creed-21. Creed-21 had no assets.

Creed-21 filed opposition to the motion to compel the PMQ's deposition. Creed-21 alleged there were additional members of the corporation. Further, there was no discovery allowed in administrative mandamus proceedings; the proceedings were limited to the administrative record, which is the only evidence relevant to determine the issue of whether the law was followed. Creed-21 argued that even issues of standing did

5

not require discovery. The Petition had properly alleged there were members in Wildomar and there was no further issue as to standing. Even considering Lawrence's testimony in a separate proceeding, Lawrence acknowledged other members in Creed-21 but did not know their names.

Wal-Mart filed its reply. It advised the trial court it only sought to conduct discovery to determine standing and nothing in Creed-21's opposition negated that Wal-Mart could conduct discovery.

The matter came on for hearing on January 5, 2016. The trial court issued a tentative ruling that Creed-21 was to produce the PMQ for deposition and produce all requested documents within 10 court days of the ruling. Wal-Mart was awarded $3,000 in attorney fees and costs. The court found, "[P]etitioner repeatedly has failed to provide the home address of its PM[Q] or otherwise establish that the Costa Mesa location exceeds the permissible geographical limits of CCP § 2025.250(a). The names of individual members which appear in produced documents are to be redacted." The hearing is not part of the record. Kim appeared for Creed-21. The final ruling of the trial court was as follows: "Following the appearances of counsel at the hearing on the Motion, Walmart objected to the form of CREED-21's notice of intent to appear at the hearing, which was done via email as opposed to telephone or in person. The Court agreed with Walmart's objection and held that the tentative ruling on the Motion issued on January 4, 2016, is the final ruling."

### 3. *CREED-21'S MOTION FOR RELIEF FROM ORDER ON MOTION TO COMPEL*

On January 12, 2016, Creed-21 sought relief from the order on the motion to compel based on the mistake, inadvertence or excusable neglect on the part of its counsel. Creed-21 acknowledged that its counsel, Kim, had notified Wal-Mart via email that it was seeking to appear at oral argument, and that according to Riverside County Superior Court local rules that notification was to be conducted by telephone. Creed-21's counsel was unaware of the local rule. If counsel had been granted oral argument, he would have argued that discovery was not appropriate. Creed-21 for the first time alleged that the PMQ was Lawrence, who resided 90 miles from Costa Mesa. Kim submitted his declaration acknowledging not being aware of the local rule.

Creed-21 submitted a copy of its opening brief in the action with the motion for relief from order on motion to compel, which had been filed on or about December 24, 2015. Creed-21 alleged several deficiencies in the environmental impact report including that it did not properly address traffic concerns, it failed to address impact on the other surrounding stores, and its analysis of air quality issues was insufficient. Creed-21 presented the declaration of Ruby J. Jimenez signed on December 21, 2015, who declared that she lived and worked in Wildomar along with other members of Creed-21.

Wal-Mart filed a response to the motion for relief from order on motion to compel, arguing there was no valid basis for the motion. Kim's failure to check the local rules was professional incompetence and not a mistake that justified relief. Any request to reconsider the motion to compel was also not supported by new facts or law. Wal-Mart

7

submitted correspondence with Creed-21's counsel since January 5, 2016, seeking to set the deposition of the PMQ. No response had been received from Creed-21. Creed-21 filed a response essentially rearguing the reasons relief should be granted.

On January 19, 2016, the Wildomar Defendants filed an ex parte application to provide supplemental briefing 10 days after the PMQ had been deposed to supplemental its opposition to the Petition. The Wildomar Defendants did not want to extend the briefing deadline for its opposition brief because the Project was on hold while the litigation was pending.

The ex parte application was heard on January 20, 2016. Creed-21 argued that in its opening brief it had proved standing by naming a member who lived in Wildomar. Moreover, the Wildomar Defendants sought to depose the PMQ, who was Lawrence, not Jimenez. The Wildomar Defendants had sufficient knowledge of standing to file their opposition brief.

At the hearing on Creed-21's motion for relief from order on motion to compel deposition held on February 1, 2016, the trial court determined that it was going to deny the relief and the deposition was to go forward. Kim stated that Briggs had a family emergency and Briggs was the attorney who would defend the deposition. Accordingly, the deposition needed to be extended to February 22, 2016, and Creed-21 would agree to extend the date the opposition brief to the Petition was due. The trial court advised Kim to agree to the deposition on February 8 and to make an ex parte application if the date did not work. However, any ex parte application would have to provide good cause to continue the deposition.

8

### 4. *CREED-21'S PETITON FOR WRIT OF MANDATE FILED IN THE COURT OF APPEAL*

Creed-21 filed a petition for writ of mandate for immediate stay in this court, case No. E065323. Creed-21 argued that discovery was not appropriate in the action since it involved CEQA and also intruded on the privacy of Creed-21 members. Creed-21 claimed that if this court did not stay the matter, it would be forced to disclose constitutionally protected material. It sought for this court to either (1) issue an alternative writ of mandate commanding the trial court to vacate its February 1, 2016 order, and either deny the discovery motion altogether or narrow the discovery; (2) issue a writ of prohibition commanding the trial court to take no further action on its February 1, 2016, order; or (3) hold a hearing. On February 5, 2016, this court denied the petition for writ of mandate and request for automatic stay without a hearing.

### 5. *CREED-21'S EX PARTE APPLICATION TO EXTEND DEPOSITION*

On February 3, 2019, Creed-21 filed an ex parte application seeking to vacate the trial court's order setting the PMQ's deposition on February 8, 2016. It sought to extend the deadline to February 24, 2016. The application was submitted on the basis that Briggs's parent had undergone major surgery on February 3, and Briggs had to stay with the parent for the following three weeks. Briggs submitted a declaration that he was the only child of his parent who could provide care. His parent would need care for three weeks. Briggs was unable to perform his normal work duties for those three weeks.

9

Wal-Mart opposed the ex parte application. Wal-Mart noted that it had originally noticed the deposition of the PMQ on September 5, 2015. Since that time, Creed-21 had refused to produce the PMQ for deposition and submit the requested documents despite two court orders to comply with discovery requests. Creed-21 sought to extend the time for the deposition past the date that the Wildomar Defendants' opposition brief was due. Creed-21 had failed to establish good cause for the extension. The declaration provided by Creed-21 did not explicate why Kim could not defend the deposition. Kim had filed all of the documents in the case and appeared at all of the hearings. Further, Briggs's declaration did not explain why Briggs could not attend a one-day deposition.

The trial court heard the matter on February 4, 2016. Kim was present and advised the trial court that Briggs's father had undergone surgery the day prior to the hearing. Briggs was the only child who was able to care for his father. The trial court inquired whether a caregiver could stay with Briggs's father for one day while the deposition took place. Kim indicated that he did not know the details and did not know if a caregiver could be found.

The trial court ruled that "[w]ithout a showing that literally nothing else is available, I'm not going to continue this again. This had been dragged out and dragged out." The trial court found the Wildomar Defendants were entitled to get the case moving. The trial court expressed that caregivers should be available. Moreover, the documents requested by the Wildomar Defendants should have been produced. The trial court denied the ex parte application to continue the deposition.

On February 22, 2016, despite the discovery process not being complete as set forth *ante*, the Wildomar Defendants filed their opposition brief to the Petition.  They alleged that the Petition should be denied both procedurally and on the merits.[2]  They alleged that Creed-21 had failed to produce their PMQ for deposition on February 8, 2016.  Creed-21 was a shell corporation that Briggs used to recover attorney fees from large corporations.  Creed-21 had filed over 100 lawsuits and Briggs Law Corporation had received all the proceeds from these actions.  The Wildomar Defendants argued that Creed-21 had two members:  Lawrence, and Karin Langwasser, who was Briggs's cousin; Creed-21 did not have a bank account or assets; its address was Briggs Law Corporation; and Briggs Law Corporation received all the proceeds from lawsuits and handled all of the tax filings and corporate filings.  The Wildomar Defendants argued it would be inequitable for Creed-21 to maintain the action.  They also insisted that the declaration submitted by Jimenez did not change the result.  There was no indication as to when Jimenez joined Creed-21, but it appeared after July 6, 2015, as Lawrence had testified on that date that there were only two members of Creed-21.  Additionally, it did nothing to change the fact that the Briggs Law Corporation was "the alter ego of CREED-21."

---

[2] We need not address the merits as the trial court dismissed the action based on standing.

### 7. *CREED-21'S REPLY BRIEF IN SUPPORT OF THE PETITION*

Creed-21 filed its reply brief in support of the Petition on March 7, 2016. Creed-21 alleged it was not a sham corporation set up only for attorney fees. Lawrence testified at the prior hearing that there were other members whom he did not know. The opposition brief ignored that Jimenez was a member of Creed-21 and she worked and lived in Wildomar. Creed-21 showed standing by providing the declaration of Jimenez. Moreover, the work Briggs Law Corporation performed for Creed-21 were routine functions carried out by attorneys for their clients.

Kim submitted a declaration that when Briggs returned to work after caring for his parent, he immediately contacted Wal-Mart to set up the deposition of the PMQ and produced all of Creed-21's corporate documentation.

### 8. *MOTION FOR ISSUE AND MONETARY SANCTIONS*

On March 9, 2016, Wal-Mart filed a motion against Creed-21 for issue and monetary sanctions for violations of discovery orders. It sought the imposition of an issue sanction establishing that Creed-21 lacked standing to bring the action and an award of attorneys' fees in the amount of $13,455 against Creed-21 and Briggs Law Corporation. The motion was brought pursuant to sections 2023.030, subdivisions (a) through (b), 2025.450, subdivision (h) and 2025.480, subdivision (k) on the grounds that Creed-21 willfully failed to obey the trial court's orders issued on January 5 and February 1, 2016 compelling it to produce the PMQ for deposition on the standing issue.

Wal-Mart alleged that Creed-21's obstructionist conduct caused it to not be able to adequately address standing in its opposition brief and caused thousands of dollars of costs and attorney fees to be incurred. Creed-21's refusal to produce the PMQ required the trial court to reach the conclusion that Creed-21 lacked standing.

When Briggs returned to the office after attending to his parent's illness, he offered a deposition date that was one business day before the Wildomar Defendants' opposition brief was due. This "eleventh hour" attempt to produce the PMQ for deposition did not alter the fact that Creed-21 had already disobeyed two court orders. The Wildomar Defendants did not want to agree to a continuance of the opposition brief due date because of the previous failures by Creed-21 to produce the PMQ. Wal-Mart alleged that an order precluding the claim was an appropriate sanction even if it effectively terminated the case.

Creed-21 filed its opposition to the motion for imposition of sanctions. Creed-21 insisted that "instead of extending professional courtesy" to its counsel, Wal-Mart was taking advantage of counsel's family emergency by requesting sanctions and dismissal of the action. Once Briggs returned to work, he had attempted to schedule the deposition and provided all the requested documents. Creed-21 also argued that dismissal of the entire action was only appropriate if Wal-Mart showed that Creed-21 had acted in bad faith.

Wal-Mart filed a response to the opposition alleging that the trial court had already rejected the excuses based on Briggs's family emergency in denying the prior ex parte applications. Wal-Mart alleged that Creed-21 persistently and outright refused to comply with its discovery obligations, which supported the sanction of dismissal of the case. Creed-21 had violated the discovery orders and its late effort to produce the PMQ did not alter the facts. Wal-Mart was not required to show bad faith; it need only show persistent refusal to comply with discovery. Further, the dismissal was at the discretion of the trial court.

9.     *RULING*

The motion for sanctions was heard on April 4, 2016. The trial court noted that it had not attempted to put together a tentative opinion. It found that the Wildomar Defendants were not trying to take advantage of a family emergency. The trial court found on the part of Creed-21 "a calculated attempt to delay and to avoid a deposition beginning perhaps as early as last August, September when the first deposition was set." The trial court found it was impossible to determine whether the objection that the deposition was set more than 75 miles from the deponent had merit because no address for the deponent had been provided.

The trial court found that the Wildomar Defendants had tried to work with Creed-21 but got nowhere. Creed-21 did not show good faith in trying to resolve the issues. Creed-21 would not agree to the deposition without a court order and continued to raise the same objections. There were no attempts to change the date of the deposition but rather a reliance on a motion for relief from the order on the motion to compel, setting the

14

deposition beyond the date that the opposition brief was due from the Wildomar Defendants. The motion for relief provided no new information and was a "[c]omplete waste of everyone's time."

Further, the trial court had ordered that the deposition be scheduled and Creed-21 responded for the first time that Briggs's family member needed constant medical care. The trial court advised Kim at the hearing that if an extension was needed, there needed to be a showing that no one else could care for Briggs's father. No such showing was made and a writ was sought in the appellate court. There was no compliance with the trial court's orders even after a denial by the appellate court.

The trial court further questioned how Briggs's family situation precluded a deposition from being taken. The "cursory" declaration from Briggs did not explain how there was no possible way he could attend the deposition. Thereafter, the court confirmed that Creed-21 had not paid Wal-Mart the $3,000 sanction previously imposed by the trial court. The trial court concluded its tentative, "Adding that into the equation, as well, I see that there's no sanction that is going to result in achieving what defense was attempting to achieve when they first noticed the deposition. Nothing has worked. Multiple orders have been made. Sanctions have been imposed. Nothing except further delay in the proceedings. And I don't think at this point in light of the history, the defense should have to choose between getting this deposition and delaying the hearing on the merits."

Kim responded that when Creed-21 got the notice of deposition, it did not believe that discovery was permitted. Creed-21 wanted a court order that discovery was appropriate. Kim also indicated that when Briggs returned to the office, he immediately contacted Wal-Mart about setting up the deposition and extending the time for briefing.

The trial court found that the Wildomar Defendants did not have to believe Briggs would have the PMQ attend a deposition based on the history of the case. The trial court ruled, "So the Court is going to stand with its tentative, and impose the issue sanction, which in this case is the same as a terminating sanction. It's really nothing more, with the Court finding that Creed-21 lacks standing. I'm not going to order the imposition of additional monetary sanctions."

The order entering judgment dismissing the case was signed by the trial court and filed on May 10, 2016. The order stated that the trial court had issued an issue sanction against Creed-21 that it lacked standing in the action. The trial court denied any additional monetary sanctions in favor of Wal-Mart. The Petition was denied in its entirety and was dismissed. The Wildomar Defendants were to recover their costs. Wal-Mart was to recover the $3,000 in sanctions already imposed on January 5, 2016. Creed-21 filed a timely notice of appeal.

## DISCUSSION

Creed-21 contends the "severe issue sanction" imposed by the trial court should only be granted against a litigant who persists in outright refusal to comply with discovery obligations. Creed-21 alleges that its counsel made numerous attempts to calendar the deposition once his family emergency was resolved and turned over

16

documentation. Moreover, the initial refusal to schedule the deposition was due to its disagreement that discovery was warranted in the case, and once that issue was resolved, counsel was faced with a family emergency that foreclosed being able to schedule the deposition. Creed-21 claims that dismissal of the action required a showing of bad faith, which was not supported by the evidence.

"Code of Civil Procedure section 2025.450, subdivision (d) authorizes a trial court to impose an issue, evidence, or terminating sanction under Code of Civil Procedure section 2023.030 if a party or party-affiliated deponent 'fails to obey an order compelling attendance, testimony, and production.' Section 2023.030 authorizes a trial court to impose monetary sanctions, issue sanctions, evidence sanctions, or terminating sanctions against 'anyone engaging in conduct that is a misuse of the discovery process.' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991 (*Doppes*).) Subdivision (d) of section 2023.030 provides, "The court may impose a terminating sanction by one of the following orders: [¶] (1) An order striking out the pleadings or parts of the pleadings of any party engaging in the misuse of the discovery process. [¶] (2) An order staying further proceedings by that party until an order for discovery is obeyed. [¶] (3) An order dismissing the action, or any part of the action, of that party. [¶] (4) An order rendering a judgment by default against that party."

"The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination. 'Discovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." '

17

[Citation.] If a lesser sanction fails to curb misuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher sanctions until the sanction is reached that will curb the abuse. 'A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' " (*Doppes*, *supra*, 174 Cal.App.4th at p. 992, fn. omitted, citing *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279-280, overruled on other grounds in *Mileikowsky v. West Hills Hosp. and Medical Center* (2009) 45 Cal.4th 1259.)

The trial court may order a terminating sanction for discovery abuse "after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery." (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246.)

"The question before us ' "is not whether the trial court should have imposed a lesser sanction; rather, the question is whether the trial court abused its discretion by imposing the sanction it chose." ' " (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1105-1106.)

"We review the trial court's order under the abuse of discretion standard and resolve all evidentiary conflicts most favorably to the trial court's ruling. We will reverse only if the trial court's order was arbitrary, capricious, or whimsical. It is appellant's burden to affirmatively demonstrate error and where the evidence is in conflict, we will

18

affirm the trial court's findings. [Citation.] We presume the trial court's order was correct and indulge all presumptions and intendments in its favor on matters as to which it is silent." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224.)

Here, the first notice of deposition of the PMQ was issued on August 25, 2015, for September 15, 2015. The Wildomar Defendants were concerned that Creed-21 was a shell corporation that did not have standing to bring its action in Wildomar. Creed-21 did not respond, even after Wal-Mart sent a meet and confer letter. Wal-Mart set a second deposition for October 14, 2015. Creed-21 refused to have PMQ appear arguing no discovery was appropriate in the action. Wal-Mart was forced to file a motion to compel.

On January 5, the trial court rejected Creed-21's arguments and ordered that it produce the PMQ for deposition and ordered sanctions in the amount of $3,000. The Wildomar Defendants again attempted to schedule the deposition. Creed-21 still did not comply by either producing the PMQ or paying the sanction. Creed-21 sought relief, which was denied on February 1, 2016, and it was ordered to conduct the deposition by February 8, 2016. February 8 came and went without Creed-21 producing the PMQ or paying the sanctions. Creed-21 claimed that Briggs was unavailable due to a family emergency.

The trial court reviewed the information provided regarding Briggs being unavailable and felt the evidence was insufficient. It ordered that the deposition go forward. Finally, Wal-Mart filed its motion for an issue sanction, which was granted by the trial court based on the consistent refusal of Creed-21 to comply with court orders on discovery.

19

Such determination was not a manifest abuse of the trial court's discretion. Creed-21 initially refused to submit to the discovery based on a legal challenge. However, after that challenge was rejected, it failed to comply with the trial court's orders. The declaration by Briggs and the statements by Kim did not establish that Briggs was unavailable. The issuance of a monetary sanction and two court orders did nothing to convince Creed-21 to produce the PMQ for deposition. The trial court was forced to impose the issue sanction since less severe sanctions did not produce compliance with the discovery rules. (*Doppes*, *supra*, 174 Cal.App.4th at p. 992.)

Creed-21 focuses on its actions taken once Briggs's family emergency had subsided. However, this ignores that Creed-21 was first given notice in September 2015 that the deposition was being requested. This also ignores that the trial court twice ordered Creed-21 to produce the PMQ for a deposition. Moreover, there was no excuse for why documents were not produced until Briggs returned to the office. The eleventh hour attempt to avoid the dismissal of the action does not render the trial court's decision to dismiss the action an abuse of discretion.

Defendant claims that outright dismissal requires bad faith relying on *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771. However, this case preceded the Civil Discovery Act of 1986. Only cases decided after that time are relevant here. (See *Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.*, *supra*, 163 Cal.App.4th at p. 1106.)

Based on the entire record of the discovery abuses by counsel for Creed-21, the imposition of a terminating sanction did not constitute an arbitrary or capricious action.

20

## DISPOSITION

The judgment is affirmed.  As the prevailing party, respondents are awarded their costs on appeal.

MILLER
Acting P. J.

We concur:

CODRINGTON
J.


SLOUGH
J.

Filed 12/19/17

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CREED-21, | |
| Plaintiff and Appellant, | E066367 |
| v. | (Super.Ct.No. RIC1504199) |
| CITY OF WILDOMAR, | The County of Riverside |
| Defendant and Respondent; | |
| WAL-MART REAL ESTATE BUSINESS TRUST, | |
| Real Party in Interest and Respondent. | |

THE COURT

Requests having been made to this court pursuant to California Rules of Court, rule 8.1120, for publication of a nonpublished opinion filed in the above entitled matter on November 28, 2017, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c),

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

CERTIFIED FOR PUBLICATION

MILLER
  Acting P. J.

We concur:

CODRINGTON
  J.

SLOUGH
  J.

1