Filed 11/24/20  1040 N. Western v. Pourtavosi CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 1040 N. WESTERN, LLC, | B297715 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. SC127440 |
| v. | |
| COBBY JACOB POURTAVOSI et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young. Affirmed.

John L. Dodd & Associates and John L. Dodd for Plaintiff and Appellant.

Vivoli Saccuzzo and Jason P. Saccuzzo for Defendants and Respondents.

# INTRODUCTION

Plaintiff 1040 N. Western, LLC (plaintiff) appeals following the trial court's dismissal of its lawsuit against defendants Cobby Jacob Pourtavosi and Andre Khalili (collectively defendants) as a sanction for willful violation of a discovery order. Plaintiff contends the court abused its discretion by imposing a terminating sanction when plaintiff had not repeatedly violated discovery orders, and by failing to consider less drastic sanctions. Plaintiff also contends defendants' motion for terminating sanctions was not timely filed. We disagree with plaintiff's contentions and affirm the judgment of dismissal.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    The Underlying Action

In 2013, defendants rented commercial property located on Melrose Avenue in Los Angeles from plaintiff to operate a medical marijuana business. In early 2016, the City of Los Angeles notified plaintiff that medical marijuana businesses were prohibited under local law. As a result, defendants were forced to shut down their business.

In February 2016, plaintiff brought an unlawful detainer action against defendants. Defendants vacated the premises in April 2016, so possession was no longer at issue.

In September 2016, plaintiff filed the operative first amended complaint seeking damages for breach of a commercial lease of real property. Plaintiff alleged that the lease terms were set forth in an unsigned written lease agreement attached to the pleading. According to the agreement, the lease began on April 1, 2013 and ended on March 31, 2018. The base rent was $6,500 per month plus 60% of common area expenses. The agreement also

provided for rent increases of at least three percent per year. Plaintiff alleged that defendants breached the agreement by failing to pay rent from March 2015 through September 2016.

Defendants denied signing the written lease agreement. Instead, they contended they entered into an oral "gross" agreement with plaintiff for a fixed monthly rent of $6,500. Defendants also contended that the agreement attached to the complaint is a "fraudulent document manufactured by Parvi[z] Sarshar, [plaintiff's] sole and managing member," to obtain a refinancing loan from HAB Bank.

## 2. Discovery Proceedings

Because the court's issuance of terminating sanctions was influenced by the history of discovery noncompliance by plaintiff, we summarize the relevant discovery proceedings below.

### 2.1. The Document Request and Initial Response

In October 2016, defendants served plaintiff with written discovery requests which included a request for production of documents. The request for production of documents sought, among other things, the following:

- drafts of the unsigned lease agreement;

- documents evidencing transmission of the unsigned lease agreement to defendants;

- electronically stored information pertaining to the drafting of the unsigned lease agreement and transmission of the agreement to defendants;

- documents evidencing monies paid by defendants to plaintiff in the last five years;

3

- documents evidencing rent received by plaintiff since April 27, 2016; and

- documents evidencing efforts undertaken by plaintiff to re-lease the property since April 27, 2016.

Plaintiff did not serve timely responses to the discovery requests. Accordingly, defendants filed motions to compel responses to form interrogatories and requests for production of documents, to deem admitted requests for admission, and for monetary sanctions.[1]

On June 2, 2017, while defendants' motions to compel were pending, plaintiff served responses to the discovery requests. Those responses included plaintiff's response to the request for production of documents which asserted that after a diligent search and reasonable inquiry, many of the requested documents were destroyed and are no longer in plaintiff's possession or never existed. Plaintiff's response to the document request was verified under penalty of perjury by plaintiff's managing member, Parviz Sarshar.

## 2.2. The June 23, 2017 Order and Supplemental Response

On June 23, 2017, the court issued an order granting defendants' motions to compel. Plaintiff was ordered to supplement its responses to form interrogatories, requests for admission, and the document request by July 14, 2017. To the extent any discovery request called for attorney-client

---

[1] The moving papers, opposition, and reply are not in the appellate record.

4

communications, attorney work product, or financial information, plaintiff waived all objections. Plaintiff was also ordered to pay monetary sanctions in the amount of $3,860.

On August 18, 2017, plaintiff served a supplemental response indicating that documents responsive to five requests were destroyed and no longer in plaintiff's possession or never existed.[2] Plaintiff's supplemental response was verified under penalty of perjury by Sarshar.

### 2.3.  Sarshar's Deposition

In March 2018, defendants noticed Sarshar's deposition as plaintiff's director, managing agent, and/or employee. The deposition notice also sought production of documents responsive to 38 enumerated requests. Many of the requested documents were the same documents sought by defendants in their October 2016 document request.[3]

On May 14, 2018, plaintiff served its response to the deposition notice and objected to all 38 enumerated requests for documents. For many of the requests, plaintiff stated it had produced those documents on May 24, 2017 or during the course of discovery. Those documents, however, are not in the appellate

---

[2] Plaintiff agreed to produce documents responsive to two requests— those pertaining to communications between plaintiff and contractors, and documents between plaintiff and any person concerning the lease of the premises to defendants. It is unclear from the appellate record whether plaintiff produced those documents.

[3] For example, the October 2016 document request and the March 2018 deposition notice sought documents and electronically stored information evidencing transmission of the unsigned written lease agreement to defendants, monies paid by defendants to plaintiff, and the lease of the property after April 2016.

record. Once again, the response was verified under penalty of perjury by Sarshar.

Sarshar was deposed on May 22, 2018. He did not produce a single document at the deposition. And notwithstanding his prior verified responses, Sarshar testified that he did not search electronically stored information for documents responsive to defendants' prior document requests. For example, defendants' counsel asked Sarshar, "I'm asking what you did to search for emails to and from defendants. What did you do?" In response, Sarshar said, "So far nothing." And when defendants' counsel asked Sarshar if he had done anything to search his phone to see if he had any text messages between himself and defendants, Sarshar responded, "No."

Sarshar's testimony also established that plaintiff had not complied with the court's June 23, 2017 order. Specifically, although they existed, plaintiff had not produced documents evidencing a written lease agreement, rent payments made by defendants, and efforts by plaintiff to mitigate its damages. By way of example, Sarshar testified that drafts of the unsigned lease agreement were prepared by his attorney and sent by email to Sarshar and defendants. Sarshar also testified that he had the original written lease agreement with defendants' "wet" signatures on it, and he kept a handwritten ledger of all cash payments made by defendants for their rent. In fact, Sarshar acknowledged that records reflecting rent payments made by defendants were kept in his office but were not provided to his attorney so they could be produced to defendants. As for efforts by plaintiff to lease the property after April 2016, Sarshar confirmed he had documents showing that the property was listed by a real estate agent or broker.

After Sarshar's deposition, defendants attempted to obtain informal compliance with the court's June 23, 2017 order and plaintiff's discovery obligations. Those attempts were rebuffed by plaintiff.

### 2.4.  The February 22, 2019 Order

On February 22, 2019, the court denied plaintiff's motion to extend the discovery cut-off and application to continue defendants' motions for summary judgment and terminating sanctions. The court also imposed monetary sanctions against plaintiff and its counsel, jointly and severally, in the amount of $1,500. The court explained that plaintiff had failed to justify its delay in seeking further discovery and had not proven it was diligent in pursuing discovery.

### 3.  Defendants' Motion for Terminating Sanctions

On August 1, 2018, defendants moved for terminating sanctions based on plaintiff's violation of the court's June 23, 2017 order. In the alternative, defendants sought issue sanctions, or an order compelling plaintiff to produce documents responsive to the October 2016 document request and the March 2018 deposition notice. Defendants also sought monetary sanctions for costs incurred in enforcing the court's June 2017 order. Plaintiff opposed the motion.

Following a hearing on March 15, 2019, the court granted the motion and dismissed the case with prejudice due to plaintiff's willful violation of the June 23, 2017 order. The court also imposed monetary sanctions against plaintiff and its counsel, jointly and severally, in the amount of $3,500. The court explained that defendants repeatedly sought informal compliance with the court's June 2017 order and plaintiff's other discovery

7

obligations before filing the motion. The court emphasized that defendants' motion was based on plaintiff's violation of the June 2017 order, not plaintiff's failure to produce documents in response to Sarshar's deposition notice. The court also explained that defendants did not uncover plaintiff's violation of the order until Sarshar's deposition and "the missing evidence" was "crucial" to defendants' defense.

The court subsequently entered a judgment of dismissal in favor of defendants. Plaintiff appeals from the judgment.

## DISCUSSION

Plaintiff contends the court abused its discretion in issuing a terminating sanction because plaintiff had not repeatedly violated discovery orders, defendants' motion was untimely, and the court failed to consider less drastic sanctions.

### 1. Legal Standards

"Misuse of the discovery process includes failing to respond or submit to authorized discovery, providing evasive discovery responses, disobeying a court order to provide discovery, unsuccessfully making or opposing discovery motions without substantial justification, and failing to meet and confer in good faith to resolve a discovery dispute when required by statute to do so." (*Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1214.) The court may impose terminating sanctions "after considering the totality of the circumstances: conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery." (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246.) "A decision to order terminating sanctions should not be made lightly. But where a violation is

willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279–280.)

" 'The court's discretion to impose discovery sanctions is broad, subject to reversal only for manifest abuse exceeding the bounds of reason.' " (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1293.) This includes orders imposing terminating sanctions for discovery noncompliance. (See *Creed-21 v. City of Wildomar* (2017) 18 Cal.App.5th 690, 702.) Under this abuse of discretion standard, we review the trial court's factual determinations for substantial evidence and infer all findings necessary to support the discovery sanctions. (*Reedy*, at p. 1292.)

2.      **The Court did not abuse its discretion by issuing a terminating sanction.**

At the outset, we reject plaintiff's contention that defendants should have brought a motion to compel further responses and, therefore, their motion for terminating sanctions was untimely. As noted by the lower court, defendants' motion was not based on plaintiff's failure to produce documents at Sarshar's deposition—it was based on plaintiff's violation of the June 23, 2017 order. We also agree with the court that defendants did not discover plaintiff's violation of the June 2017 order until Sarshar's May 2018 deposition, "and [defendants] filed the instant motion promptly after that deposition took place." (See *Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1163 [plaintiffs could not have moved to compel production of documents they did not know existed, nor

could they have sought sanctions before they determined defendant's responses were inadequate or evasive].)

Here, substantial evidence supports the court's conclusion that the sanction of dismissal was appropriate. For more than a year before the dismissal, defendants had attempted to obtain evidence that would have assisted the determination whether defendants breached a written lease agreement and whether plaintiff mitigated its damages by leasing the property to another tenant. Defendants' attempts to obtain voluntary cooperation were rebuffed. Defendants sought the assistance of the court, and in June 2017, the court ordered plaintiff to produce documents responsive to defendants' October 2016 document request and imposed monetary sanctions against plaintiff. After the June 2017 order was made, plaintiff failed to obey the order and defendants were forced to request production of many of the same documents in Sarshar's March 2018 deposition notice. And, as we noted, Sarshar did not produce a single document at his May 2018 deposition.

Sarshar's deposition testimony also supports the court's finding that plaintiff's noncompliance was willful. First, notwithstanding his prior verified responses, Sarshar testified that he never searched for emails or text messages responsive to defendants' prior document requests. Second, Sarshar acknowledged that records reflecting rent payments made by defendants were kept in his office but were not provided to his attorney so they could be produced to defendants. Thus, the record established that plaintiff refused to obey a court order. This was not an inadvertent failure to respond to discovery.

Nor does it appear lesser sanctions would have sufficed. Plaintiff did not comply with the court's June 2017 order even

10

after it was forced to pay a monetary sanction. Additional monetary sanctions would not have provided defendants the information to which they were entitled. Further, an evidence sanction is not effective where the party withholding the evidence is not the party who wishes to use it. And the only issue sanction we can envision under these circumstances would be an order precluding plaintiff from presenting evidence of monetary damages, a result equivalent to a dismissal of the lawsuit. Finally, although plaintiff argues the imposition of a lesser sanction was required, it did not urge the trial court to impose a lesser sanction and did not identify which lesser sanction would have sufficed.

Based on the entire record, the court did not abuse its discretion in issuing a terminating sanction.

11

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


DHANIDINA, J.