Filed 1/15/21  Smith v. Cedars-Sinai Medical Center CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BETTIE JOE SMITH, | B297298 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC680306) |
| v. | |
| CEDARS-SINAI MEDICAL CENTER, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Reversed.

Bettie Joe Smith, in pro. per., for Plaintiff and Appellant.

Reback, McAndrews & Blessey, Robert C. Reback and Heather A. DeFalco for Defendant and Respondent.

———————————

Bettie Joe Smith appeals from an order granting terminating sanctions. We reverse because the moving party did not, so far as the record shows, inform the trial court Smith claimed to have fired her lawyer for being unresponsive and swore she would cooperate with the discovery process as a self-represented litigant.

I

Smith filed her medical malpractice lawsuit against Cedars-Sinai Medical Center in October 2017. She claims she lost virtually all of her eyesight during several medical procedures between 2014 and 2017. She blamed negligence by Cedars and an associated doctor.

Smith represented herself until April 2018, when she filed a substitution of attorney naming Franklin L. Ferguson, Jr.

The next month, in May 2018, Cedars propounded discovery consisting of requests for production of documents, requests for admissions, and special and form interrogatories. Ferguson's deadline for responding was June 25, 2018.

Ferguson did not respond to the discovery. Instead he emailed Cedars that Smith's "health challenges have temporarily preclude[d] her from assisting" with the discovery, so Cedars's counsel gave Ferguson an extension to respond until July 30, 2018.

Ferguson again missed this deadline. So in August 2018, Cedars filed motions to compel responses and a motion to deem admitted the requests for admission.

Ferguson did not oppose the motions and did not appear at the October 2, 2018 hearing.

At this hearing, the trial court granted the unopposed motions. The court ordered Smith was "deemed to have admitted

the truth of all matters" specified in the requests for admission. These deemed admissions seem to have the potential to devastate Smith's medical malpractice case: Smith now was deemed to have admitted, in effect, that Cedars had done nothing wrong and had caused Smith no injury.

At this October 2, 2018 hearing, the court also ordered Smith to respond to Cedars's interrogatories and requests for production within 30 days of notice of the order. The new due date was November 2, 2018.

Ferguson did not comply with the order to answer Cedars's discovery by November 2, 2018.

On November 2, 2018, Cedars's lawyer emailed Ferguson to request a stipulation to continue the trial date to accommodate Cedars's recently-filed motion for summary judgment. Ferguson counteroffered: he would stipulate to delay the trial if Cedars would give Smith an added 30 days to comply with the court's discovery order.

Cedars refused Ferguson's counteroffer.

In response, Cedars filed two motions on November 13, 2018. The day after that, on November 14, 2018, Smith herself filed and served material, claiming to be a self-represented litigant. This timing is crucial, as will appear.

First we describe this flurry of papers. Then we explain its significance.

On November 13, 2018, Cedars filed a motion to continue the trial date. On the same day, Cedars also apparently filed a motion for terminating sanctions.

We say "apparently" because this filing does not appear on the trial court docket sheet. Smith avers she knew nothing of this motion until after the court terminated her case. Cedars

3

argues it "appears the trial court made a clerical error in not listing the motion for terminating sanctions on its docket."

Cedars provided this court an apparently conformed copy of the motion showing a filing date of November 13, 2018.

Again we say "apparently" because again there is an oddity. The court stamp on the front page of the upper right corner of this document bears what appears to be a conventional filing stamp by the Los Angeles Superior Court. This stamp reads as follows, with our underlining of a space that is blank on the stamp:

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles
NOV 13 2018
Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy

In other court-stamped documents in this record, the name and sometimes also the signature of a specific deputy clerk appears in the underlined space that is blank.

The proof of service on this motion shows Cedars served the motion by mail on Ferguson.

The next day—November 14, 2018—Smith took action in a self-represented capacity. She filed discovery responses with the court the day after Cedars apparently had moved for terminating sanctions. Smith served her discovery documents on Cedars's counsel.

Smith captioned and signed each of the discovery responses with the notation "In Pro Per." In one of her discovery responses, Smith stated she "is no longer represented by an attorney."

4

On November 26, 2018, Smith filed a declaration with a signature date of November 14, 2018, explaining her delay in responding to Cedars's discovery. Smith also served this declaration on Cedars's counsel.

In this declaration, Smith stated under penalty of perjury "I am currently representing myself, and hoping to retain another attorney soon. I terminated the services of my prior attorney, FRANKLIN L. FERGUSON on or about November 1, 2018. The Substitution of Attorney still needs to be filed. I terminated his services because he was not keeping me informed about the status of the case, and frequently did not show up for hearings. He failed to inform me that I had been served with discovery."

Regarding her late responses, Smith declared she had to go to the courthouse to get the discovery attached to Cedars's motions to compel, needed to obtain copies of her medical records, and needed to retain a "legal document assistant" to help her type her responses due to her poor vision.

The court heard Cedars's motion for terminating sanctions on February 22, 2019. Neither Ferguson nor Smith had filed an opposition to Cedars's sanctions motion. Neither Ferguson nor Smith appeared at the hearing. (Smith later claimed she never knew about this hearing.) Cedars decided not to retain a court reporter for the hearing. The sole record we have is the court's one-page minute order.

The trial court granted the motion for terminating sanctions on February 22, 2019. The order dismissed Cedars from the case with prejudice. It also states the court was not ordering monetary sanctions because to do so "would be futile."

## II

Smith appeals the court's order terminating her case.

A

Trial courts have broad powers to impose sanctions for discovery abuses.  (Code. Civ. Proc., §§ 2023.010, 2023.030.)  California courts and the discovery statutes recognize a continuum of discovery sanctions beginning with monetary sanctions and ending with terminating sanctions.  (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (*Lopez*).)  Terminating sanctions include dismissing an action or any part of the action.  (Code. Civ. Proc., § 2023.030, subd. (d)(3).)  These sanctions are the most severe: they end the case.  Accordingly, courts should use this drastic penalty sparingly.  (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1261 (*Padron*).)

Progressive discipline is the customary and proper approach, starting with monetary sanctions and ending, if necessary, with termination.  (*Padron, supra*, 16 Cal.App.5th at p. 1261.)  The lesser sanctions can include hefty daily sums under the right circumstances.  (*Id.* at p. 1248.)

The sanction should fit the dereliction.  It should not exceed what is required to protect the interests of the side entitled to but denied discovery.  Greater sanctions are warranted when a lesser sanction fails to curb misconduct.  Continuing abuse warrants incrementally harsher sanctions until the sanction curbs the abuse.  (*Creed-21 v. City of Wildomar* (2017) 18 Cal.App.5th 690, 701–702 (*Creed-21*).)

Generally terminating sanctions should not be imposed unless the court has attempted lesser sanctions and found them to be ineffective, or the record clearly shows the futility of lesser sanctions.  (*Padron, supra*, 16 Cal.App.5th at p. 1261.)  But in

6

extreme cases a court does have the authority to order a terminating sanction as a first measure.  (*Ibid.*)

A court should not order terminating sanctions lightly.  But where a violation is willful, preceded by a history of abuse, and evidence shows less severe sanctions would not produce compliance, the trial court is justified in imposing the ultimate sanction.  (*Creed-21*, *supra*, 18 Cal.App.5th at p. 702.)

We review a trial court's decision to impose terminating sanctions for abuse of discretion, deferring to the court's credibility calls and drawing all reasonable inferences in support of the court's ruling.  (*Padron*, *supra*, 16 Cal.App.5th at p. 1260.)

B

We assume Cedars properly filed and served its termination motion on Ferguson.  We nevertheless reverse the order granting this motion.  It appears Cedars did not alert the trial court that, since filing its motion, Cedars learned more about Smith's professed willingness to cooperate with discovery.  After filing its motion, Cedars learned Smith was claiming to have fired her lawyer for being unresponsive.  Under penalty of perjury, Smith also apologized for delay and said she would proceed with the discovery process as a self-represented litigant.  Due to Cedars's omission, the trial court lacked perspective vital to an informed decision about whether to terminate Smith's case.

The record does not establish the trial court knew about Smith's self-represented efforts to respond to discovery.

Despite the gravity of the hearing, Cedars decided against hiring a court reporter for the day its termination motion was to be heard.

Smith filed her discovery responses and her declaration with the court, as well as served them on Cedars.  But with an

7

apparently unopposed motion, the trial court had no reason to pore over the court file. Cedars was obligated in good faith to inform the court of information that was highly pertinent to the court's evaluation of Smith's efforts to make good on her discovery obligations.

The terminating sanction was not necessary to protect Cedars's interests. (See *Lopez*, *supra*, 246 Cal.App.4th at p. 604 [sanctions should be tailored to the harm caused by the discovery abuse and should be no greater than necessary to protect the propounding party's interests].) Cedars had answered the lawsuit less than a month before the court's October 2018 order compelling discovery. And it already had moved for summary judgment by the time it filed its sanctions motion.

Citing *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985, Cedars criticizes Smith's briefs. Cedars rightly argues Smith's self-representation does not entitle her to leniency. Available knowledge about why there has been discovery delay and how likely it is to persist, however, is relevant to an accurate assessment of the proper discovery sanction. The trial court apparently lacked this knowledge because Cedars apparently did not give it to the court.

Cedars also faults Smith for failing to designate relevant documents as part of the appellate record. But the crucial document at issue—the sanctions motion—was not on the trial court docket, and Smith believed it never was filed. Cedars itself did not seek to augment the record with this motion until the day before filing its opposition brief. The motion and related order are before us, and the record is adequate to decide this appeal.

8

## DISPOSITION

We vacate the orders dismissing Cedars from the lawsuit, remand the case for further proceedings, and award costs to Smith.



WILEY, J.


We concur:



BIGELOW, P. J.



STRATTON, J.