Filed 6/28/24  Albinali v. Calvert CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RIMA ALBINALI,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>JAY W. CALVERT,<br><br>     Defendant and Respondent. | B331322<br><br>(Los Angeles County<br>Super. Ct. No. 21SMCV00399) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge.  Reversed in part and Affirmed in part.

Next Level Legal and Amy K. Saechao for Plaintiff and Appellant.

Baker & McKenzie, Benjamin W. Turner and Edward D. Totino for Defendant and Respondent.

## INTRODUCTION

This case concerns the use of terminating sanctions as a consequence of a plaintiff's repeated discovery abuses and obstructionist litigation tactics. A plaintiff's remote deposition was interrupted by technical difficulties, and the parties agreed to reconvene on another date to complete the deposition. Defendants' efforts to schedule plaintiff's continued deposition were unsuccessful, despite court orders directing plaintiff to appear for deposition and imposing monetary sanctions against her. At the same time, plaintiff engaged in a pattern of delay and obstruction, including failing to appear at conferences, failing to participate in court-ordered joint filings, and requesting continuances to accommodate a revolving door of counsel who would briefly substitute into the case, only to withdraw shortly thereafter. In response, defendants brought a motion for terminating sanctions against plaintiff. The threat of terminating sanctions was enough to compel plaintiff's appearance for deposition; however, the court ultimately granted defendants' request for terminating sanctions and entered judgment dismissing plaintiff's action.

On appeal, plaintiff challenges the trial court's grant of terminating sanctions and the imposition of monetary sanctions against her. We reverse one of two awards of monetary sanctions and otherwise affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Background Facts*

The instant action is not the first lawsuit between these parties. Background facts regarding the parties' history are taken from a prior appeal, *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954. Defendant and

2

respondent Dr. Jay W. Calvert (Calvert) is a plastic surgeon based in Southern California and plaintiff and appellant Rima Albinali (Albinali)[1] is his former patient. (*Id*. at p. 957.) On January 27, 2011, Calvert, together with Jay Calvert, MD, his professional corporation,[2] filed an action for defamation against Albinali, alleging she was responsible for a negative review that was posted online by one of his former patients. (*Ibid*.)

When attempts to serve Albinali were unsuccessful, Calvert resorted to service by publication. (*Calvert v. Al Binali*, *supra*, 29 Cal.App.5th at p. 959.) When Albinali did not appear following publication of the summons, the court entered a default judgment against her for approximately $1.9 million. (*Ibid*.) In 2014, Calvert attempted to enforce the default judgment against Albinali in Canada, where she resided at the time. (*Ibid*.) Albinali discovered the judgment in 2015 and moved to have it vacated or set aside, alleging the service by publication was improper. (*Id*. at pp. 959–960.) The trial court denied the motion and Albinali appealed. (*Id*. at p. 960.) The Court of Appeal determined Calvert's summons had been published in the wrong newspaper, invalidating the service on Albinali. (*Id*. at pp. 961–962.) As a result, the default judgment entered against Albinali was deemed void and the case was reversed and remanded to the trial court to vacate the judgment. (*Id*. at p. 965.) Following the appeal, the parties stipulated to

---

[1] We note in this previous action that appellant used the surname "Al Binali" rather than "Albinali." In the instant action, appellant filed suit under the name "Albinali," and was referred to as "Albinali" for the duration of the proceedings in the trial court. On appeal, both sides use the spelling "Albinali," and we do the same here for consistency.

[2] As no issues in this appeal turn on the legal distinction between this corporate entity and Calvert as an individual, we will refer to both collectively as "Calvert" for clarity and simplicity.

dismiss the enforcement proceedings Calvert had initiated in Canada. As part of this dismissal, the Canadian court issued a judgment against Calvert, awarding Albinali her attorneys fees and costs of approximately $75,000.

Albinali then filed the instant action in California state court on March 2, 2021, seeking to domesticate and enforce the Canadian judgment against Calvert. In April 2021, Calvert answered Albinali's complaint.

B.    *Written Discovery*

Upon answering the complaint, Calvert propounded written discovery on Albinali. Albinali objected to Calvert's discovery, arguing it was targeted at the merits of Calvert's prior defamation action against her, which was irrelevant to her collection action. Following an informal discovery conference (IDC) with the court, Calvert filed a motion to compel responses to some of the discovery propounded on Albinali. On September 30, 2021, the court denied Calvert's motion. The trial court determined Calvert was not entitled to conduct discovery concerning the defamation claim because he was not entitled to an offset for that claim under Code of Civil Procedure section 431.70.[3]

The parties scheduled a further IDC for December 15, 2021, again concerning Albinali's responses to written discovery. Calvert alleged Albinali had failed to serve substantive, supplemental responses to certain discovery in violation of the court's instructions at the September 30 hearing. Following the IDC, the court issued a minute order directing Albinali to provide discovery responses by February 1, 2022. It is undisputed that Albinali ultimately provided discovery responses on May 19, 2022.

---

[3]    All further statutory references are to the Code of Civil Procedure unless otherwise specified.

4

C.    *Albinali's Deposition*

On July 20, 2022, Calvert took Albinali's deposition.  Calvert's deposition notice provided the deposition would be conducted remotely "via Veritext Zoom video conferencing software using Veritext's Exhibit Share system for exhibits."  Due to technical difficulties, the deposition was terminated before it could be completed, and counsel for the parties agreed to complete the deposition on another date.  Shortly after the deposition, Albinali's counsel substituted out of the case, and she began representing herself in propria persona (pro. per.).  Calvert's counsel made efforts to contact Albinali to schedule her continued deposition to no avail.  On September 1, 2022, Calvert filed a motion to compel Albinali to appear for her continued deposition.  Calvert also requested monetary sanctions of $3,000.  Two days before the hearing, new counsel substituted into the action for Albinali.  The next day, Albinali filed an ex parte application to continue the hearing on Calvert's motion to allow counsel to become familiar with the case and file a substantive opposition.  The court granted Albinali's request and continued the hearing to November 7, 2022.  On November 7, 2022, the trial court granted Calvert's motion in part.  The court ordered Albinali to appear for a further deposition "to be scheduled within 20 days, or by agreement of the parties."  The court denied Calvert's request for monetary sanctions, finding that Calvert's counsel had "fail[ed] to provide a billing rate or an accounting of hours" supporting the request.

Albinali's deposition did not occur within 20 days of the court's November 7 order, and the parties were unable to agree on an alternate date.  On November 28, 2022, Albinali's counsel offered to proceed with the deposition on December 2.  However, counsel also stated that Albinali did not have access to a laptop that she could use for the deposition.  Calvert's

5

attorney rejected that offer, stating that he could not take Albinali's remote deposition if she did not have a laptop to view exhibits. On December 12, Albinali's counsel telephoned Calvert's counsel to offer Albinali for deposition that same day, December 12. Albinali's counsel again represented that Albinali did not have a laptop to use for the deposition, and accordingly, Calvert's counsel rejected that offer as well.

On December 12, 2022, Calvert filed an ex parte application seeking terminating or, alternatively, monetary sanctions against Albinali for her failure to appear for her deposition by the deadline previously set by the court. Calvert sought terminating sanctions or, alternatively, $7,000 in monetary sanctions pursuant to sections 2025.450 and 2023.030. On December 14, 2022, Albinali filed an opposition to the ex parte application, stating counsel was actively trying to arrange for Albinali's continued deposition and asking that she not be sanctioned.

On December 15, 2022, the trial court granted Calvert's ex parte application in part. It found Albinali had not appeared for her deposition as previously ordered by the court. The court ordered Albinali to appear for and complete her deposition by December 23, 2022. It also imposed $7,000 in monetary sanctions against Albinali, which was to be paid to Calvert within ten days. While the court denied the request for terminating sanctions, it cautioned Albinali that it would "consider terminating sanctions and/or dismissal of the case" if she did not appear for her continued deposition.

Shortly after the hearing, Albinali's counsel substituted out of the action, and she resumed representing herself in pro. per.

6

D.    *Terminating Sanctions*

On December 28, 2022, Calvert filed his final pretrial conference statement. In his statement, Calvert informed the court that Albinali had failed to respond to attempts to schedule her continued deposition and as a result the deposition had not been completed as directed by the court's December 15 order. Calvert also noted that Albinali had not responded to attempts to contact her to prepare the joint filings that were required to be submitted for the final status conference. Albinali did not appear for the final status conference on January 6, 2023. At the conference, the trial court noted Albinali had not appeared for her continued deposition. On its own motion, the court also vacated the trial date and set an order to show cause for failure to appear at the final status conference.

On January 24, 2023, Calvert filed a motion for terminating and monetary sanctions against Albinali. Calvert argued Albinali had repeatedly violated court orders requiring her to complete her deposition. He also noted that Albinali had refused to pay the monetary sanctions imposed by the court. Calvert detailed the history of Albinali's delay in providing responses to written discovery. He also set out other instances of alleged misconduct by Albinali, including her failure to appear for two court conferences and failure to participate in the preparation of a joint status report. Calvert alleged Albinali's "unjustified obstruction, outright failure to respond to mandatory requests and orders, and refusal to litigate her case all constitute bad faith actions or tactics that are frivolous or solely intended by Plaintiff to cause unnecessary expense and delay, and did cause significant expense and delay." Calvert argued Albinali's conduct warranted terminating sanctions. Alternatively, he asked the court to impose monetary sanctions of approximately $56,000.

The day before the hearing on Calvert's motion, Albinali filed a declaration stating she had been unaware that a hearing was scheduled for January 6, 2023. She also claimed Calvert did not serve her with the motion to dismiss. She argued she had recently retained new counsel and was willing to have the rest of her deposition taken between March 14 and March 21. Albinali also asserted that Calvert's counsel had asked improper questions about her assets and religion during the first session of her deposition. She asked the court to continue the hearing on Calvert's motion so her new counsel could file a written opposition. Her declaration made no reference to the $7,000 in unpaid monetary sanctions, but she claimed that she would "never willfully disobey any Court Order." The court continued the hearing to March 10, 2023, and allowed Albinali to submit a written opposition by March 2.

In her opposition, Albinali argued terminating sanctions were unwarranted because she had provided dates to complete her deposition. Albinali also accused Calvert of discovery abuses, specifically arguing that Calvert had asked "irrelevant, improper and harassing questions to Albinali" during the first session of her deposition. Albinali also argued that she "did not willfully disobey" the court's November 7, 2022, order compelling her to appear for her continued deposition because her attorney offered December 2 to complete her deposition. She also claimed that her "delay in completing her deposition by December 23, 2022 was due to a string of catastrophic life events starting with a car accident on July 4, 2022; her aunt's death on October 15, 2022; caring for her mother when she was admitted into the hospital on November 28, 2022 who later passed away on January 3, 2023; and her brother's death on December 13, 2022." Albinali acknowledged she had not paid the monetary sanctions imposed against her but argued that

8

under *Midwife v. Bernal* (1988) 203 Cal.App.3d 57, it would be improper to dismiss her case solely for her failure to pay the sanctions. Albinali offered no explanation for her failure to comply with the court's order to pay the sanctions. Albinali's opposition concluded with a request for an award of approximately $19,000 in monetary sanctions against Calvert.

On March 6, 2023, Calvert filed a reply in support of its motion. In his reply, Calvert disputed Albinali's claims that she was not served with Calvert's motion to dismiss. Calvert noted Albinali had been served by overnight delivery at the address listed on her court filings and was additionally served by email at an email address confirmed by her prior counsel. Calvert also argued that Albinali was never asked about her religion or assets during the first session of her deposition, and her misrepresentations were contradicted by the deposition transcript.

At the March 10, 2023, continued hearing on Calvert's motion to dismiss, the court held that the life events described in Albinali's opposition, coupled with her willingness to be deposed between March 14 and 21, indicated that her "failure to appear [for deposition] was not willful." The trial court also noted "there is a strong public policy preference in favor of deciding matters on the merits" and decided to give Albinali a "final attempt to hold her deposition." The court directed Albinali to pay the $7,000 in monetary sanctions by March 30. The court continued the hearing to March 30, "to confirm [Albinali]'s deposition has been completed and the sanctions paid." The trial court cautioned Albinali that if she did not appear for her deposition and pay the sanctions ordered by the court, the court would grant Calvert's motion to dismiss her case.

On March 23, 2023, Calvert's counsel filed a supplemental declaration stating that Albinali had completed her deposition on March 20. Counsel

9

also noted that Albinali had not paid the monetary sanctions previously ordered by the court.

At the continued hearing on March 30, 2023, Calvert informed the court that Albinali had not paid the $7,000 in monetary sanctions. The court's minute order memorializing the hearing states that "[Albinali]'s counsel represents that [Albinali] understands the Court's order regarding the $7,000.00 in sanctions. However, there is no indication that the plaintiff is willing to pay the sanctions award." The court imposed additional monetary sanctions of $22,900 against Albinali in connection with Calvert's motion to dismiss, to be paid within 30 days. The court then continued the hearing to May 5, 2023, "for [Albinali] to pay the sanctions as ordered." The court also invited Calvert to "submit a proposed judgment regarding the sanctions awarded."

On April 25, 2023, Albinali's counsel substituted out of the case, and Albinali again represented herself in pro. per.

Albinali did not appear at the continued hearing on May 5, 2023. In her absence, the court issued a minute order noting the monetary sanctions remained unpaid. The minute order also reflects the court granted Calvert's motion to dismiss and entered a judgment dismissing Albinali's case without further explanation. The judgment provides in pertinent part that "Based upon the continued willful disobedience of the Court's Orders by [Albinali], this case is dismissed with prejudice." The judgment also directs Albinali to pay the monetary sanctions previously ordered by the court totaling $29,900.

E.    *Appeal*

On June 30, 2023, new counsel substituted into the action for Albinali. Albinali timely appealed the judgment entered against her. On appeal,

10

Albinali argues the trial court abused its discretion in dismissing her case. She also argues the orders imposing monetary sanctions against her are void.[4]

## DISCUSSION

A. *Terminating Sanctions*

    1. *Legal Standard*

"California discovery law authorizes a range of penalties for a party's refusal to obey a discovery order, including monetary sanctions, evidentiary sanctions, issue sanctions, and terminating sanctions." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604 (*Lopez*).) A court has broad discretion in selecting the appropriate penalty to redress a party's failure to comply with a discovery order. (*Ibid.*)

"The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery.' [Citation.] Generally, '[a] decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' [Citation.] Under this standard, trial courts

---

[4] On appeal, Calvert filed a motion requesting that we take judicial notice of a new malicious prosecution action Albinali has initiated against Calvert in California state court. This action has no relevance to the dispositive issues on appeal, and Calvert's request for judicial notice is denied. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4 [denying request for judicial notice based on plaintiffs' failure to demonstrate relevance].)

have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders." (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390 (*Los Defensores*); see also *Creed-21 v. City of Wildomar* (2017) 18 Cal.App.5th 690, 702.)

For this reason, the discovery statutes "evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.) "Although in extreme cases a court has the authority to order a terminating sanction as a first measure [citations], a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective [citations]." (*Lopez*, *supra*, 246 Cal.App.4th at pp. 604–605.) "[T]he sanctioned party's history as a repeat offender is not only relevant, but also significant, in deciding whether to impose terminating sanctions." (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1106; *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 796 ["the court must examine the entire record in determining whether the ultimate sanction should be imposed"].)

Courts also possess the inherent power to impose terminating sanctions for litigation misconduct beyond the context of discovery. Courts may dismiss cases for unreasonable delay in prosecution or for other deliberate and egregious misconduct. (*Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758, 761.) This "inherent power may only be exercised to the extent not inconsistent with the federal or state Constitutions, or California statutory law." (*Id.* at p. 762.)

The trial court has broad discretion in selecting the appropriate sanction, and we must uphold the court's determination absent an abuse of

12

discretion. (*Los Defensores*, *supra*, 223 Cal.App.4th at p. 390.) We "'view the entire record in the light most favorable to the court's ruling, and draw all reasonable inferences in support of it.'" (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 51.) "We accept the trial court's factual determinations concerning misconduct if they are supported by substantial evidence." (*Ibid*.) "The appellant bears the burden on appeal of demonstrating that the trial court abused its discretion in imposing a discovery sanction." (*Rutledge v. Hewlett-Packard Co.* (2015) 238 Cal.App.4th 1164, 1191.)

> 2. *Albinali Has Failed to Establish the Trial Court Erred in Imposing Terminating Sanctions*

Albinali's primary contention on appeal is that her discovery conduct did not warrant the dismissal of her case as a discovery sanction. Albinali argues that the court erred in imposing terminating sanctions against her solely because she failed to pay monetary sanctions despite numerous court orders directing her to do so.

Albinali has failed to present a record adequate for appellate review. "It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record. [Citations.]" (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.]" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; *Rossiter v. Benoit*

13

(1979) 88 Cal.App.3d 706, 712; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187.)

The record on appeal is insufficient to establish the trial court abused its discretion in dismissing Albinali's case. The record contains no reporter's transcript for any of the hearings concerning Albinali's responses to written discovery, Albinali's deposition, or Calvert's motion for terminating sanctions. The record is also devoid of a suitable substitute for those transcripts, such as a settled or agreed statement. In the absence of a reporter's transcript or suitable substitute, we are left only with the court's minute orders and judgment of dismissal. The orders do not set forth the court's rationale or reasoning in dismissing Albinali's case. In other words, these orders do not conclusively establish that Albinali's case was dismissed for the reasons posited by Albinali.

Similarly, the judgment signed by the court indicates the dismissal was based on Albinali's continued willful violation of unspecified court orders. As detailed above, Albinali had a history of violating court orders beyond her failure to pay monetary sanctions. Calvert's motion for terminating sanctions also set out an extensive list of Albinali's delay and obstruction in the litigation, including failures to appear at conferences and hearings or participate in joint filings ordered by the trial court. The record also illustrates a pattern of Albinali waiting until the eve of a hearing to procure counsel and then requesting continuances on the basis that newly hired counsel needed time to review the case and file briefing on Albinali's behalf. Additionally, Albinali made representations in court filings regarding Calvert's alleged deposition misconduct, which apparently had no basis in fact. Taken together, the trial court could have determined this conduct to be so obstructive and willful as to warrant the dismissal of Albinali's case

14

pursuant to the court's inherent power to dismiss an action for litigation misconduct beyond discovery.

The limited record we have before us illustrates that Albinali had a long history of delay, obstruction, misrepresentations, and noncompliance with court orders. The record also indicates the trial court made every effort to avoid dismissal of Albinali's case. The court granted each of Albinali's requests for continuances to accommodate newly-retained counsel. As required, the trial court approached the issue of sanctions incrementally, beginning with informal conferences, then progressing to orders to show cause, monetary sanctions, and repeated warnings of terminating sanctions before ultimately dismissing Albinali's case. The trial court also gave Albinali the benefit of the doubt in finding her failure to complete her deposition was not willful misconduct but the by-product of a series of unfortunate life experiences.

The record also establishes Calvert was prejudiced by these actions, both in the form of attorneys fees and costs incurred to bring various motions to compel, but also in significant delays in the litigation. Nearly a year elapsed between when Albinali's initial responses to Calvert's written discovery were due and when she ultimately provided complete responses. Similarly, it took eight months for Albinali to appear for her continued deposition, despite all parties being in agreement that a continued deposition was necessary. We also note trial in this action was originally set for January 17, 2023, but that it had to be vacated when Albinali failed to appear at the final status conference or participate in the preparation of joint filings required for that conference. In short, there is ample evidence in the record that Albinali's conduct resulted in significant delays in the proceedings.

In examining the totality of the circumstances in which the court dismissed Albinali's case, the record before us suggests the trial court did not abuse its discretion. However, we need not decide this question and decline to do so. On appeal, Albinali only alleges that dismissal was improper as a discovery sanction. As discussed above, the record does not establish that the discovery violation was the only basis for the trial court's ruling. Based on the limited record, we affirm the trial court's dismissal of Albinali's case.

B.      *The Initial Award of Monetary Sanctions was Improper*

Albinali contends the court's December 15, 2022, order granting Calvert's ex parte request for monetary sanctions is void because such sanctions cannot be awarded on an ex parte basis. We agree.

Calvert's ex parte application sought sanctions pursuant to sections 2025.450 and 2023.030. Under section 2025.450, subdivision (h), if a party fails to obey an order compelling attendance at a deposition, the court may impose sanctions under Chapter 7 (§ 2023.010 et seq). In imposing sanctions under Chapter 7, a court must follow the procedure set forth in section 2023.030. As a prerequisite to imposing sanctions under section 2023.030, the court must first provide "notice to any affected party, person, or attorney," as well as an "opportunity for hearing." (§ 2023.030.) This notice provision requires written notice served in accordance with the timeframes set out in section 1005, subdivision (b). (*Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 5–6.) Accordingly, "Discovery sanctions may not be ordered ex parte, and an order purporting to do so is void." (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 208; accord *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 296 (*Parker*) ["Discovery sanctions,

16

however, cannot be awarded ex parte. . . . A sanction order issued ex parte is void"].)

The December 15 award of $7,000 in monetary sanctions against Albinali is void. Calvert does not address this argument in his brief and has therefore conceded the issue. (*People v. Bouzas* (1991) 53 Cal.3d 467, 480 [argument is conceded by failure to address it on appeal]; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 529 [a party "effectively concedes" an issue by failing to address it in briefing].)

Albinali also contends the March 30, 2023, order imposing an additional $22,900 in monetary sanctions is void because it was based on her failure to pay the original $7,000 as required by the December 15, 2022, order. We disagree. The March 30 sanctions award was issued in connection with Calvert's regularly noticed motion to dismiss, not on an ex parte basis. That motion sought monetary sanctions based on Albinali's failure to appear for deposition by December 23, 2022, as required by the court's December 15 order. While the award of monetary sanctions in the December 15 order is void, there is no similar rule that prohibits a court from issuing an order compelling attendance at a deposition on an ex parte basis. (*Parker*, *supra*, 149 Cal.App.4th at pp. 295–296 [holding that an ex parte order compelling attendance at deposition was valid but reversing award of monetary damages contained in the same order as void].) The court was thus within its power to issue the December 15 order directing Albinali to appear for deposition by December 23, 2022.

When Albinali failed to appear for deposition by that date, the court was permitted to impose monetary sanctions for her failure to appear in connection with Calvert's noticed motion requesting such sanctions. (§§ 2023.010, subds. (d), (g); 2023.030, subd. (a).) The court's March 30 order

17

does not indicate the basis for the award of additional monetary sanctions. We are unable to determine whether sanctions were imposed because Albinali failed to pay the previously imposed sanctions or because she failed to appear for deposition. Albinali did not submit a reporter's transcript of the March 30 hearing or an acceptable substitute, such as a settled statement. The record before us is thus inadequate to establish the $22,900 monetary sanction was issued because Albinali failed to pay the $7,000 sanction. Based on this insufficient record, we must reject Albinali's argument that the trial court's March 30, 2023, award of monetary sanctions is void.

## DISPOSITION

The award of $7,000 in monetary sanctions against Albinali is reversed. In all other respects, the judgment of dismissal and award of $22,900 in monetary sanctions are affirmed. Calvert is awarded his costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ZUKIN, J.

WE CONCUR:

COLLINS, Acting P. J.

MORI, J.

18