Filed 6/2/25  Spring v. Eon Reality CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TYLER SPRING,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>EON REALITY, INC.,<br><br>　　Defendant and Respondent. | G063672<br><br>(Super. Ct. No. 30-2018-01017830)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila O. Recio, Judge. Reversed and remanded with directions.

The Ruttenberg Law Firm, Mark A. O'Brien and Kenneth G. Ruttenberg for Plaintiff and Appellant.

FitzGerald Kreditor Bolduc Risbrough, Eoin L. Kreditor and Brook Changala for Defendant and Respondent.

Tyler Spring sued his former employer Eon Reality, Inc. (Eon), for unpaid wages and related claims. In January 2020, Eon obtained an order compelling Spring to further respond to document requests. Eon later filed a motion for sanctions based on Spring's failure to comply with the discovery order. The sanctions motion was continued 10 times, for a total of about two years four months. During that period, Eon filed a "Supplement" and a "Second Supplement" to the sanctions motion (collectively, the Supplements), with new arguments and evidence to show Spring was continuing to skirt his discovery obligations. The sanctions motion was eventually heard on the first day of trial. After considering the papers and arguments, including the Supplements, the trial court found Spring's conduct was "a gross misuse of the discovery process" and granted Eon's request for monetary and terminating sanctions.

On appeal, Spring contends the court erred in granting terminating sanctions in three main ways: (1) hearing the motion on the first day of trial; (2) considering alleged discovery misconduct by Spring that would not have been a violation of the January 2020 order and thus was outside of the original grounds stated in Eon's moving papers; and (3) considering new evidence and argument raised in Supplements unilaterally filed by Eon after briefing on the motion had been completed. On the second contention, we agree the court erred and, therefore, reverse and remand for further proceedings.

FACTS

I.

THE CLAIMS AND UNDERLYING DISCOVERY REQUESTS

In September 2018, Spring filed a complaint against his former employer Eon for breach of written contract, constructive discharge, and

2

violations of Labor Code sections 201 (immediate payment of wages upon discharge or layoff), 203 (willful failure to timely pay wages), and 227.3 (payment of vested vacation wages upon termination), and against one of Eon's founders, Dan Lejerskar, for intentional infliction of emotional distress.

Eon and Lejerskar filed an answer asserting various affirmative defenses, including mitigation of damages and offset. They also filed a cross-complaint against Spring for breach of the duty of loyalty, rescission, interference with economic advantage, and unfair competition. The cross-complaint alleged Spring had not been fired and instead had stopped coming to work after Lejerskar spotted Spring "secretly meeting" with Eon's former CEO, David Scowsill. It further alleged that Spring conspired with Scowsill to drive Eon into insolvency, force a sale of its shares, or seize control of the company.

In December 2018, Eon served Spring with requests for production of documents (the document requests).

In April 2019, Spring voluntarily dismissed the claim for intentional infliction of emotional distress, the only one asserted against Lejerskar, and served responses to the document requests.

In December 2019, Eon filed a motion to compel Spring to provide further responses to the document requests. On January 23, 2020, Judge Glenn R. Salter granted the motion as to request nos. 42–45 and 59–61, denied the motion as to request no. 49, and denied Eon's request for sanctions (the January 2020 order). The January 2020 order did not set a deadline to provide the further responses and did not order Spring to produce documents.

Relevant to Eon's later motion for discovery sanctions were request nos. 59–61. These requests sought the following: documents relating to Spring's "efforts to find employment" since leaving Eon, including

3

"resumes, completed employment applications, cover letters, job offers, rejection letters, job ads to which [Spring] responded, and communications with any temporary employment agency or employment recruiter" (no. 59); documents relating to communications between Spring and prospective employers since leaving Eon (no. 60); and documents relating to any consulting or other work Spring performed since leaving Eon (no. 61). Concerning these requests, the court noted it had signed the protective order submitted by the parties.

In May 2020, due to the COVID-19 pandemic, the court clerk served notice on the parties that trial had been continued to January 11, 2021.

In early December 2020, Eon and Lejerskar applied ex parte to continue the trial date for another six months. The application was based on their inability to complete written discovery and depositions and their intention to file a motion for evidentiary, issue, and terminating sanctions against Spring for failing to comply with the January 2020 order. Judge Salter granted the application and continued the trial date from January 11 to June 28, 2021, with all pretrial deadlines reset to the new trial date.

II.

THE SANCTIONS MOTION AND TRIAL CONTINUANCES

On May 5, 2021, Eon filed its motion for evidence, issue and/or terminating sanctions (the sanctions motion), with a May 27 hearing date. From that point, the hearing on the sanctions motion and the trial date were continued 10 times. The sanctions motion was eventually heard on September 7, 2023.

At the original May 27 hearing, Judge Salter continued the matter for a month: "Eon Reality claims the plaintiff is intentionally

4

withholding various pertinent documents. Spring says it [*sic*] has turned over everything and, in any event, there is a custodian of records deposition of a third party set for May 28, 2021, that will confirm plaintiff has turned over everything. [¶] Trial in this matter is set for June 28, 2021. Given the age of this case (the complaint was filed close to three years ago), it is unlikely trial would be continued absent a showing of extraordinary good cause. [¶] On the court's own motion, and for good cause, the defendant's motion for sanctions is CONTINUED to June 28, 2021, at 9 am, to be heard by the trial judge. A continuance will allow the court to consider the motion in light of the full circumstances."

On June 21, Eon and Lejerskar filed an ex parte application to continue trial. The application was based in part on grounds that they could not complete discovery and intended to file another motion to compel further discovery responses.

That same day, they filed a first "Supplement" to the sanctions motion arguing Spring was continuing "to engage in bad faith discovery abuse," including failing to timely produce expert discovery, cancelling an expert deposition by intentionally misrepresenting the expert's availability, delaying Spring's deposition, failing to produce requested documents at the deposition, making false statements, providing evasive answers at deposition, producing only selected communications from key witnesses, and destroying evidence of text messages.

The next day, Judge Salter granted the unopposed application and continued the hearing on the sanctions motion and the trial date from June 28 to October 12.

On October 1, pursuant to the parties' stipulation, the trial date was continued from October 12 to December 27, with discovery motion

5

deadlines reset to the new trial date. The signed order also continued the hearing on the sanctions motion to the new trial date.

On October 12, Eon and Lejerskar filed a motion to compel further deposition testimony from Spring (the deposition motion).

On December 2, Eon and Lejerskar filed a "Second Supplement" to the sanctions motion. It contained allegations that Spring had "*permanently destroyed* all text messages with key witnesses," including those with Lejerskar, Scowsill, and Walter Palhetas, another former Eon executive, and that Spring "intentionally withheld a text message that tends to disprove he was terminated by Eon–perhaps the most foundational disputed issue in this case."

On December 9, Judge Geoffrey T. Glass granted in part and denied in part the deposition motion and issued sanctions of $2,900 against Spring and his counsel, jointly and severally. The court ordered Spring to further respond to questions about why he didn't include messages before and after a text message chain that he had produced, whether he had produced all communications between himself and a third party about Eon, whether he had produced all text messages between himself and Lejerskar or another third party, and whether he produced a document he had signed "showing the equity" (presumably with his new employer).

On December 20, Spring voluntarily dismissed the constructive discharge claim.

From December 2021 to September 2022, the trial date was continued five more times: from December 27, 2021, to March 14, 2022 (pursuant to the parties' stipulation); from March 14 to May 31 (at Spring's request due to his counsel's trial conflicts); from May 31 to June 6 (on the court's own motion, due to its own unavailability); from June 6 to September

6

26 (pursuant to the parties' stipulation); and from September 26 to June 5, 2023 (pursuant to the parties' stipulation). Each time trial was continued, Judge Salter also continued the hearing on the sanctions motion to the new trial date.

In December 2022, the court clerk served the parties with notice that the case would be reassigned from Judge Salter to Judge Sheila O. Recio, effective January 9, 2023.

On May 1, 2023, Eon and Lejerskar filed an ex parte application to continue trial due to their counsel's scheduling conflicts. Judge Recio granted the application and continued the trial date from June 5 to September 5. On May 25, Judge Recio sua sponte continued the sanctions motion to the new trial date. On August 18, Eon and Lejerskar voluntarily dismissed their cross-complaint without prejudice. Thus, the only claims left were Spring's claims against Eon for breach of the employment contract and violations of the Labor Code.

## III.

### THE HEARING ON THE SANCTIONS MOTION

On the first day of trial, September 5, Judge Recio granted Spring's unopposed request for a two-day trial continuance and continued the hearing on the sanctions to the same day. The court acknowledged receiving the "Supplemental declarations" and stated "[n]o further briefing [was] required."

The hearing on the sanctions motion was heard on September 7. No court reporter was present. The minutes indicate the trial court "reviewed the moving papers, opposition, reply brief, and supplemental briefs. The [c]ourt notes it appears the Motion for Sanctions should be granted; the issue is what type of sanctions are warranted. [¶] At a minimum

7

the [c]ourt thinks monetary sanctions are required. The [c]ourt does not know how to properly assess any issue sanctions and doesn't believe terminating sanctions are warranted." The minutes further provide that after hearing oral argument, the court announced its tentative ruling to grant sanctions but was undecided on "what more, if any, than monetary sanctions should be awarded." The court ordered Eon to submit "a copy of the deposition transcript he read from in court today," which Eon did, and the court deferred ruling on the sanctions motion until the next week.

At the continued hearing on September 12, the trial court reiterated it would order monetary sanctions but was undecided on evidentiary or terminating sanctions. The court "gave serious consideration to a dismissal" but thought it more appropriate to order that "the issue of mitigation shall be deemed conclusively established to the extent the defense applies to [Spring's] purported damages." The court noted the mitigation issue likely did not dispose of the entire case and that "anything [Spring] had essentially earned before he became employed again would not be disputed by the mitigation doctrine."

Eon argued the tentative ruling did not address Spring's willful destruction of text messages relevant to Eon's offset defense and potentially relevant to the issue of whether Spring quit or was terminated. Concerning offset, Eon argued they "have no ability to determine whether or not there was a conspiracy." Concerning Spring's discharge, Eon argued the text messages with Scowsill and Palhetas "have now been permanently destroyed" and that Spring had a history of withholding evidence.

Spring submitted on the tentative ruling on the monetary sanctions, but he argued Eon had other evidence of mitigation because it had deposed Scowsill, Palhetas, and others. Spring also argued the original

8

moving papers for the sanctions motion did not concern the spoliation of evidence, which was first raised in one of the Supplements, that the sanctions motion needed to "key on an existing court order" and Spring hadn't violated any order, and that each discovery device is separate and independent, requiring Eon to file separate motions to compel for each alleged violation of a court order.

The trial court acknowledged the sanctions motion "was filed some[ ]time ago," but the court stated its scope was expanded when a different judge "essentially pushed it to the trial" and supplemental briefing has shown more discovery abuse. The court was "concerned about what discovery wasn't provided." The court stated it knew "of no requirement that the defendant has to first proceed with another motion as opposed to a motion for sanctions to the extent they believe the plaintiff failed to abide by the January[ ] 2020 Orders." If found "a willful failure to abide by at least the spirit of the court's January[ ] 2020 order" and that "[t]he totality of the circumstances here suggest[ed]" that Spring repeatedly and willfully refused "to permit discovery or produce documents over a lengthy period of time, which result[ed] in evidence becoming unavailable." It questioned whether "simply granting issue sanctions . . . [would be] sufficient, given that the defendant doesn't have some of the documents because essentially some of it was destroyed."

Ultimately, the trial court imposed monetary sanctions of about $5,000 against Spring and his counsel, jointly and severally, and granted

9

Eon's request for terminating sanctions.[1] The court found "the conduct involved here constitutes a gross misuse of the discovery process and shifted the burden on the Defendant to seek discovery that Plaintiff should have provided pursuant to the [D]iscovery [A]ct." The judgment of dismissal was entered, and Spring timely appealed.

DISCUSSION

I.

STANDARD OF REVIEW

"The appellant bears the burden on appeal of demonstrating that the trial court abused its discretion in imposing a discovery sanction." (*Rutledge v. Hewlett-Packard Co.* (2015) 238 Cal.App.4th 1164, 1191.) "'The question before us "'is not whether the trial court should have imposed a lesser sanction; rather, the question is whether the trial court abused its discretion by imposing the sanction it chose.'"'" (*Creed-21 v. City of Wildomar* (2017) 18 Cal.App.5th 690, 702.) We presume the ruling "'was correct and indulge all presumptions and intendments in its favor on matters as to which it is silent.'" (*Ibid.*) "We accept the trial court's factual determinations concerning misconduct if they are supported by substantial evidence." (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 51.) Our power "'begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination [of the trier of fact] . . . .'" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390–391.)

---

[1] The reporter's transcript indicates Judge Recio ordered monetary sanctions of $5,717.50, but the minute order states $5,171.50 and the court's signed order states $5,715.50.

"""To the extent that reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning."""" (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 73 (*Kwan*).)

II.

MOTION HELD FEWER THAN 15 DAYS BEFORE TRIAL

Spring argues the trial court abused its discretion by hearing the sanctions motion fewer than 15 days before trial, without Eon's seeking leave or the court's evaluating the statutory factors to reopen discovery under Code of Civil Procedure sections 2024.020 and 2024.050.[2] Eon responds that Spring waived this argument by failing to object below. We agree with Eon.

Generally, a party is "entitled as a matter of right . . . to have motions concerning discovery heard on or before the 15th day, before the date initially set for the trial of the action." (§ 2024.020, subd. (a).) "On motion of any party, the court may grant leave . . . to have a motion concerning discovery heard, closer to the initial trial date, or to reopen discovery after a new trial date has been set." (§ 2024.050, subd. (a).) In ruling on such a motion, the trial court "shall" consider "any matter relevant to the leave requested," such as the need for the discovery, whether the party seeking discovery was diligent in its efforts, why the discovery was not completed or the motion heard earlier, whether the relief sought is likely to delay trial or prejudice the opposing party, and the time "between any date previously set, and the date presently set, for the trial of the action." (§ 2024.050, subd. (b)(4).)

---

[2] All further statutory references shall be to the Code of Civil Procedure, unless otherwise stated.

11

Here, the sanctions motion was initially set to be heard within the 15-day deadline under section 2024.020. From then on, the hearing date was continued 10 times, either by the parties' stipulation or on the court's own motion. The first time the court continued the hearing on the sanctions motion was in October 2021, when the parties stipulated to the trial continuance but did not specifically agree in writing to continuing the sanctions motion as well. After that, every time the trial date was continued, the court also continued the hearing on the sanctions motion. Although Spring had nearly two years to complain about the hearing date being set on the same day as trial, he does not contend he objected below to the court's actions. "'An appellate court will not consider procedural defects or erroneous rulings where an objection could have been, but was not, raised in the court below.' [Citation.] It is unfair to the trial judge and to the adverse party to take advantage of an alleged error on appeal where it could easily have been corrected at trial." (*Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740, 776 see also *Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1685 ["an appellant may waive his right to attack error by expressly or impliedly agreeing at trial to the ruling or procedure objected to on appeal"].) Because Spring fails to show he raised the issue at the trial court level, we deem his objection forfeited on appeal.

III.

IMPOSING TERMINATING SANCTIONS

ON GROUNDS NOT STATED IN THE MOVING PAPERS

Appellant argues the trial court abused its discretion by allowing Eon to "supplement" the sanctions motion with other alleged violations of different sections of the Civil Discovery Act of 1986 (§ 2016.010 et seq.) that were never part of the original motion. We agree.

"A basic rule of law and motion practice is the notice of motion 'shall state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order.'" (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 207; see also Cal. Rules of Court, rule 3.1110(a).) "At its core, due process entitles a person to notice and the opportunity to be heard before a neutral decision-maker." (*Kwan*, *supra*, 58 Cal.App.5th at p. 82.) Adequate notice is also required by statute. (*Ibid.*; see §§ 1010 [notices of motion generally], 2023.030 [court may sanction for misuse of discovery only "after notice" and "opportunity for hearing"].) Thus, generally, "the trial court may consider only the grounds stated in the notice of motion. [Citations.] An omission in the notice may be overlooked if the supporting papers make clear the grounds for the relief sought. [Citations.] The purpose of these requirements is to cause the moving party to 'sufficiently define the issues for the information and attention of the adverse party and the court.'" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.) "We review procedural due process claims de novo because ""the ultimate determination of procedural fairness amounts to a question of law."""" (*Kwan*, at p. 82.)

Based on our independent review of the record, we agree with Spring that he did not receive adequate notice or opportunity to be heard before the trial court imposed terminating sanctions on different grounds than those stated in the notice of motion. The notice of motion sought, in addition to monetary sanctions, "an order for: (1) issue sanctions determining that [Spring's] claims for purported damages be deemed established for all purposes in this litigation as fully mitigated with corresponding instructions to the jury; (2) evidence sanctions precluding the admission of [Spring's] purported damages; or (3) terminating sanctions dismissing [the] complaint dated September 11, 2018." The notice further stated it was "based on the

13

grounds that [Spring] was compelled by order of this [c]ourt to provide further responses to Request for Production of Documents (Set One) Nos. 59–61, and [Spring] and his counsel are willfully withholding responsive documents that are directly relevant and indispensable to E[on]'s affirmative defense of mitigation of damages." The trial court, however, imposed terminating sanctions on grounds not captured by the notice of motion: that Eon "doesn't have some of the documents because essentially some of it was destroyed."

Even where the notice is deficient, adequate notice might still be provided. (*Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1277.) Examples include when "the supporting papers contain the grounds for the relief sought" or when "the omitted issue, or ground for relief, was raised without objection before the trial court." (*Ibid.*) But neither circumstance is present here.

First, spoliation of evidence was not raised as a ground for sanctions until Eon filed its first Supplement in June 2021, a month after briefing on the sanctions motion had been completed. According to Eon's second Supplement filed in December 2021, the destroyed evidence was text messages tending "to disprove [Spring] was terminated by Eon." It appears the first time Eon argued the destroyed evidence affected their affirmative defense of offset was at the September 2023 sanctions motion hearing. Second, Spring objected to the trial court's consideration of the Supplements, by filing written objections on September 11, 2023 (after the first day of

14

hearing on the sanctions motion) and raising the issue at the second day of the hearing.[3]

Eon contends that notice was adequate on any newly raised grounds in the Supplements because Spring had over a year to oppose them and that by choosing not to respond to the Supplements in writing, Spring waived every argument not raised in his opposition. We are not persuaded. While the length of time for a party to respond to new grounds not raised in the moving papers is certainly a factor in determining whether notice was adequate, it is not necessarily dispositive on the issue. Equally, if not more important, is *how* the new grounds are communicated. Civil motion practice generally allows for a motion, opposition, and reply; it does not authorize filing "supplements," much less ones that seek relief on new and different grounds. Eon could have just as easily filed another motion or an amended notice of motion; it chose not to. Although Spring had time to oppose the Supplements, there was no indication before trial that the trial court would consider them. Spring thus was not on notice it had to respond to the

---

[3] Eon argues that because there was no court reporter for the first day of hearing on the sanctions, we should presume those proceedings would show an absence of error in the trial court's ruling. We disagree. A reporter's transcript on appeal is required only if "an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ." (Cal. Rules of Court, rule 8.120(b).) But when an appellant's challenge does not rely on oral argument, live testimony, evidence presented, or a trial court's findings or statements made at a hearing, courts have held the lack of a reporter's transcript does not require affirmance based on an inadequate record. (See, e.g., *Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 213.) Here, neither party relies on unrecorded statements made on the first day of the hearing. Instead, the trial court's ruling was based on court filings and oral argument made on the second day, for which there is a reporter's transcript.

Supplements on the merits. If we were to conclude otherwise, parties would be forced to choose between, on the one hand, objecting to a filing as unauthorized, thereby potentially waiving their right to oppose the filing on the merits, and on the other hand, opposing the filing on the merits, thereby potentially waiving the objection that the filing was unauthorized and should not be considered.

Finally, to be reversible, an error must be prejudicial, resulting in harm or a miscarriage of justice. (*In re Marriage of Zucker* (2022) 75 Cal.App.5th 1025, 1029; Cal. Const., art. VI, § 13.) An error of state law is prejudicial if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) We conclude it is reasonably probable Spring would have obtained a more favorable result if the trial court had considered only the grounds stated in the moving papers. Our conclusion is supported by the court's tentative ruling, expressing the court's inclination to impose issue sanctions over terminating sanctions, in addition to monetary sanctions.

For these reasons, we reverse the order granting terminating sanctions and remand the matter to the trial court for reconsideration of the sanctions motion. Given this conclusion, we need not address Spring's claim that the court erred in considering new evidence and argument raised in the Supplements. We also express no opinion on Eon's entitlement to terminating sanctions on remand, should Eon proceed with a properly noticed motion.

16

## DISPOSITION

The judgment is reversed, and the matter is remanded with directions that the trial court vacate the judgment and the order granting terminating sanctions, reinstate the action, and reconsider the sanctions motion. In the interests of justice, the parties will bear their own costs.

DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.

17